**Schylar PARKS, individually and the class he represents, Plaintiff—Appellant,**

v.

**LOCATING, INC., a Washington corporation, Defendant—Appellee.**

No. 01–35007.

D.C. No. CV–99–01488–TSZ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 6, 2002.

Decided June 17, 2002.

Before BRUNETTI, TROTT, and McKEOWN, Circuit Judges.

MEMORANDUM *

Schylar Parks, individually and on behalf of a class of employees, sued Locating, Inc. for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Locating pays its employees a straight hourly wage with a guaranteed minimum of pay for 40 hours. Parks argues that overtime must be compensated at time and a half, under 29 U.S.C. § 207(a)(1). Locating asserts its system satisfies the "Fluctuating Workweek" requirements of 29 C.F.R. § 778.114, such that its payment of a straight hourly wage for overtime is simply a generous overtime premium under that system. Because "all the facts indicate that an employee is be-

ing paid for his overtime hours at a rate no greater than that which he receives for nonovertime hours," 29 C.F.R. § 778.114(c), we reverse and remand with a direction to enter summary judgment in the employees' favor on this issue.

The undisputed evidence indicates that Locating's employees were paid a straight hourly wage, not a fixed salary covering all hours worked. Locating's attempts to recharacterize the scheme as one that satisfied the Fluctuating Workweek are unavailing. An agreement to compensate a minimum of forty hours is not the same as an agreement to pay a fixed salary for all hours worked, nor can extra overtime payments cure a basic failure to meet the requirements of § 778.114. *Brennan v. Valley Towing Co.,* 515 F.2d 100, 103, 106 (9th Cir.1975). Also, any agreement to pay a fixed salary for all hours worked requires a "clear mutual understanding of the parties," 29 C.F.R. § 778.114(a), not present here. As in *Brennan,* "While appellees' position is imaginative, it ignores the established principle that the 'regular rate' is not a hypothetical construction but an 'actual fact.'" *Id.* at 105 (quoting *149 Madison Ave. Corp. v. Asselta,* 331 U.S. 199, 204, 67 S.Ct. 1178, 91 L.Ed. 1432 (1947)).

Further, as Locating apparently admits, compensatory time off is not an alternative to adequate overtime pay. 29 U.S.C. § 207(*o*)(1). Thus, Parks is also entitled to prevail in challenging the use of compensatory time off in lieu of overtime for the emergency locating work.

REVERSED and REMANDED for entry of summary judgment in favor of plaintiffs.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

TROTT, Circuit Judge, dissenting.

For the reasons given by Judge Zilly, I would affirm.